**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1654-21

LIXIA WANG,

     Plaintiff-Respondent,

v.

MIN WU,

     Defendant-Appellant.

_____

Submitted December 19, 2023 – Decided December 26, 2023

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1081-19.

Howard I. Masia, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

    Defendant Min Wu appeals from the February 18, 2022 Amended Dual Judgment of Divorce, which the Family Part entered after conducting a multi-

day trial. The court supported its order with a lengthy written opinion summarizing its exhaustive findings of fact, detailed credibility findings, and well-reasoned conclusions of law. Based upon our review of the record and the applicable law, we affirm substantially for the reasons expressed by the court in its December 30, 2021 decision. We add the following brief comments.

Our review of a trial court's fact-finding in a non-jury case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

We owe no deference to the trial court's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). However, we will not interfere with "'the factual findings and legal conclusions of the trial [court] unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to

2

offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (second alteration in original) (quoting Cesare, 154 N.J. at 412). We will reverse the Family Part's decision "[o]nly when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' . . . to ensure that there is not a denial of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007)).

On appeal, defendant contests the trial court's determinations concerning equitable distribution, child support, and alimony. We apply an abuse of discretion standard when reviewing challenges to the amount of an equitable distribution or the manner of allocation. Borodinsky v. Borodinsky, 162 N.J. Super. 437, 443-44 (App. Div. 1978). Similarly, a trial court's rulings on child support and alimony are discretionary and should not be overturned unless the court abused its discretion, failed to consider applicable legal principles, or made findings unsupported by the evidence. See J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (child support); Gordon v. Rozenwald, 380 N.J. Super. 55, 76 (App. Div. 2005) (alimony).

Applying these principles, defendant's arguments concerning the Amended Dual Judgment of Divorce reveal nothing "so wide of the mark" that

3

we could reasonably conclude that a clear mistake was made by the trial court. The court carefully reviewed the relevant evidence and fully explained its reasons in a logical and forthright manner. The record amply supports the court's factual findings and, in light of those findings, its legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-1654-21